BAILEY PVS OXIDE [DELTA], L.L.C., et al., Plaintiff

v.

PLAS–TANK INDUSTRIES, INC., Defendant

No. 3:02CV7363.

United States District Court, N.D. Ohio, Western Division.

Aug. 20, 2004.

Francis J. Landry, Wasserman, Bryan, Landry & Honold, Toledo, OH, Peter A.T. Sartin, Pasadena, CA, for Plaintiff.

Mary M. Fleming, Stephanie K. Bowman, Barrett & Weber, Cincinnati, OH, Byron S. Choka, Spengler Nathanson, Toledo, OH, for Defendant.

## ORDER

CARR, District Judge.

This is a diversity suit by Bailey PVS Oxide [Delta], L.L.C. [PVS], which operates a spent pickle liquor recycling facility and Plas–Tank Industries [Plas–Tanks], the manufacturer of a fiberglass reinforced plastic tank used at the facility. The tank collapsed while being filled. PVS and its co-plaintiff insurer seek to recover monies spent after the collapse and spill of the pickle liquor, which consisted of a five percent solution of hydrochloric acid.

■ Pending is the plaintiff's motion to strike the expert report and proposed testimony of defendant's expert, Alfred L. Newberry, Ph.D. The basis for the motion is that there is no factual predicate for Mr. Newberry's opinion that the collapse was caused by vacuum-induced buckling.

According to Mr. Newberry, the tank had been subjected to vacuum while being used by the plaintiff. Such vacuum could occur if the tank's vent system was closed or obstructed while the tank was being drained. Such vacuum (or vacuums, if draining without open vents occurred more than once) would impair the structural integrity of the tank, so that it could not withstand the pressure of the spent pickle liquor during later filling of the tank.

The factual predicate for Mr. Newberry's opinion is that a vacuum existed at some point in time.

A *Daubert* hearing was held on plaintiff's motion. During that hearing, it became clear that there is no evidence that a vacuum could or did exist. The tank that collapsed and the other tanks in the plaintiff's complex have an interconnected vent system, and that system was properly designed and capable of equalizing pressures within the tank during draining and filling.

Mr. Newberry speculates that the vents had been closed at some point during the facility's operation. There is, however, no proof that such occurred. Thus, there is no factual predicate for his opinion that vacuum-induced stress caused the tank's collapse.

■ To be admissible, the factual basis for an expert's opinion must find support in the record. *See, e.g., Novartis Corp. v. Ben Venue Laboratories, Inc.,* 271 F.3d 1043, 1051 (Fed.Cir.2001) (the "factual predicate of an expert's opinion must find some support in the record, [and] mere 'theoretical speculations' lacking a basis in the record will not create a genuine issue of fact."); *see also Coffey v. Dowley Mfg., Inc.,* 89 Fed.Appx. 927 (6th Cir.(Tenn.)) (Unpublished disposition) ("under Rule 702, the testimony must be based on sufficient facts or data.").

Once the absence of a factual predicate for Mr. Newberry's opinion became clear, leave was granted to the defendant to take further discovery to try to uncover evidence that the tank had been subjected to vacuum. Supplemental briefing was also allowed, and Mr. Newberry has submitted a supplemental report.

Like Mr. Newberry's original report, the supplemental report contains no evidence to support the allegation that the tank was subjected to vacuum.

Rather than pointing to evidence of a vacuum, Mr. Newberry's supplemental report analyzes the opinion of plaintiff's expert, who contends that the tank collapsed due to environmental stress corrosion cracking (ESCC). The basis for this opinion is that the defendant improperly repaired a leak in the tank, the defective repair enabled acid to corrode the fiberglass liner, so that the tank, when being refilled on the date of the collapse, could not withstand the pressure of the spent pickle liquor.

Mr. Newberry's supplemental report challenges the scientific basis for the plaintiff's expert's opinion that ESCC caused the collapse. He does not offer any alternative explanation for the collapse, except to repeat his contention that vacuum-induced stress caused the tank to fail.

Thus, my initial conclusion that there is an inadequate factual predicate for Mr. Newberry's claim that vacuum-induced stress caused the collapse is correct. Mr. Newberry will not be permitted to express an opinion, whether on direct or cross-examination, about what caused the collapse.

■ Plaintiff wants to go further, and keep Mr. Newberry from testifying about the weaknesses he perceives in the plaintiff's expert's opinion that ESCC caused the collapse. Its objection to such testimony-at least to the extent that expressed in Mr. Newberry's supplemental report—is that his criticisms could have been raised earlier in this proceeding. Plaintiff contends that it will have to obtain rebuttal opinion from its expert in order to meet these new challenges to its expert.

While this probably is so, I conclude that it would not be appropriate to strike Mr. Newberry's testimony, insofar as that testimony will be critical of the opinion of plaintiff's expert. Although plaintiff's professed need to obtain further information from its expert may cause some additional expense, it should not delay the trial, which is scheduled to begin in about ten weeks. Plaintiff retains the burden of showing the cause of the tank's collapse, and defendant is entitled—even if it cannot, in view of my present ruling, propose some alternative cause—to show the plaintiff's explanation is unsound.

Plaintiff's supplemental report, responsive to Mr. Newberry's supplemental report, shall be provided to the defendant by September 30, 2004, and plaintiff's expert shall be made available for deposition by October 25, 2004.

It is, therefore,

ORDERED THAT plaintiff's motion to strike the testimony of defendant's expert as to causation be, and the same hereby is granted; motion to strike testimony of defendant's expert *in toto* be, and the same hereby is denied; further discovery re. plaintiff's expert allowed as provided herein.

So ordered.